

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. A. Bassett
District Attorney
Richmond, Texas

Dear Sir:

Opinion No. O-1454
Re: Is it the duty of every peace of-
ficer, local or State, to enforce
all the laws generally? May county
officers perform all the duties in-
cumbent upon state highway officers?

Your letter of September 13, 1939, addressed to
Attorney General Gerald C. Mann, has been referred to the
writer for consideration and reply. We construe your re-
quest to be an inquiry as to the general authority of local
peace officers and especially their authority with refer-
ence to highway violations.

Your attention is directed to the official oath
adopted as of November 8, 1938, being Article 16, Section
1 of the Constitution of Texas:

"I, _____, do solemnly swear (or affirm)
that I will faithfully execute the duties of the
office of _____ of the State of Texas, and
will to the best of my ability preserve, protect,
and defend the Constitution and laws of the United
States and of this State; ..."

It is a correct statement that every peace officer,
under his oath and as his duty, must enforce all of the laws
of the State of Texas. However, our Legislature has seen fit
to enact many different penal laws under the police power of
the State. In instances, the Legislature has recognized
that there are certain classes of officers properly trained
and equipped to do the preliminary work in making a case.
These instances, in effect, act as limitations upon the power
of many peace officers in that they are virtually precluded
from the ascertainment of the facts prior to the filing of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. A. Bassett, Page 2.

an affidavit and the issuance of a warrant of arrest necessary for a lawful arrest.

Your attention is directed to the following Articles of the Code of Criminal Procedure:

Article 212 provides:

"A peace officer or any other person may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'"

Article 213 provides:

"A peace officer may arrest, without warrant, when a felony or breach of the peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender."

Article 215 provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Article 216 provides:

"In each case enumerated where arrests may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant."

Article 217 provides:

"In each case enumerated in this chapter, the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest was made without an order."

Hon. R. A. Bassett, Page 3.

Of recent years, in view of the swiftness of transportation and the probable elusiveness of the criminal, the Legislature has permitted arrests without warrant in certain instances not coming within the purview of the above-quoted Articles. Such is true under Articles 783 through and including Article 802a of Title 13, Chapter 1 of the Penal Code of Texas, relating to highways and vehicles, wherein the authorization is made in Article 803 as follows:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the preceding Articles of this Chapter."

Now, under the same Chapter and Title of the Penal Code, is Article 827a, Section 5, providing the 7,000 pound load limit law as follows:

"No commercial motor vehicle, truck-tractor, trailer or semi-trailer shall be operated on the public highway outside of the limits of an incorporated city or town with a load exceeding 7,000 pounds on any such vehicle or train or combination of vehicles; and no motor vehicle, commercial motor vehicle, truck-tractor, trailer or semi-trailer having a greater weight than 600 pounds per inch width of tire upon any wheel concentrated upon the surface of the highway shall be operated on the public highways outside of the limits of an incorporated city or town; provided, however, that the provisions of this section shall not become effective until the first day of January, 1932."

Then, under the same Chapter and Title of the Penal Code appears Article 827a, Section 6, specifically placing the authority to weigh and require that such vehicles be weighed in "any license and weight inspector of the State Highway department" as follows:

"Any license and weight inspector of the State Highway department, having reason to believe that the gross weight of a loaded vehicle is unlawful, is authorized to weigh the same either by means of portable or stationary scales, and to require that such vehicle be driven to the nearest scales in the event such scales are within two miles. The inspector may then require

Hon. R. A. Bassett, Page 4.

the driver or operator to unload immediately such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight specified by this Act."

We construe your inquiry as being directed particularly to peace officers with reference to their authority to arrest for the offense of over-load. We have carefully considered all of the cases construing the over-load statute and construing Section 6 in conjunction with Section 5 above quoted, and will proceed to relate our construction at length.

Head vs. State, 96 S. W. (2d) 981, determined by the Court of Criminal Appeals in 1936. We quote from the opinion as follows:

"The State's Attorney before this court concedes that the statute in question (section 6 above) confers authority only upon license and weight inspectors to require drivers and operators of motor vehicles to have their trucks and contents weighed; and that constables and other peace officers are without such authority. In this view, we are inclined to concur." (Parenthesis and enclosure ours)

On motion for rehearing, Judge Hawkins, speaking for the court, said:

"The prosecution was based solely upon the refusal to drive the truck to the scales to ascertain whether it was overloaded."

The arrest was made by a constable within two miles of the scales.

"The argument for the state appears based upon the assumption that the truck was overloaded, and many cases are cited which are thought to sustain the contention that the operation of an overloaded truck is per se, and regardless of the manner of its operation, a breach of the peace."

Continuing on motion for rehearing, the opinion cites the weight of authority in Texas with reference to offenses coming within breaches of the peace.

Hon. R. A. Bassett, Page 5.

"Our own statutes and the cases decided there-
under sustain the idea that to be a breach of the
peace the act complained of must be one which dis-
turbs or threatens to disturb the tranquillity
enjoyed by the citizens. ... We think no act of
appellant brings the present case within the scope
of a breach of the peace which could justify the
officer in making the arrest without a warrant."

On motion for rehearing, the opinion concludes:

"If the Legislature should deem the auth-
ority vested in the designated officers under
the law (section 6 above) quoted in our original
opinion to be too restrictive and conclude that
the rights conferred on said officers should be
extended to peace officers generally, then the
Legislature may so provide; ..." (Parenthesis
and enclosure ours)

You will note that the opinion in Head vs. State,
above, leaves little doubt but that the authority for
weighing and requiring a driver to proceed to the nearest
scales is confined to license and weight inspectors of
the State Highway Department. And that the right to ar-
rest an offender without a warrant under the Load Limit
law is not conferred upon the peace officer generally
for a violation of the Load Limit law, and where the
driver is not guilty of other acts of operation bringing
the offense within a breach of the peace.

We quote from the Revised Civil Statutes, 1925,
as follows:

Article 6699 provides:

"The Commissioners Court of each county,
acting in conjunction with the Sheriff, may
employ not more than two (2) regular deputies,
nor more than two (2) additional deputies for
special emergency to aid said regular deputies,
to be known as county traffic officers to en-
force the highway laws of this State regulating
the use of the public highways by motor vehicles.
Said deputies shall be, whenever practicable,
motorcycle riders, and shall be assigned to

Hon. R. A. Bassett, Page 6.

work under the direction of the Sheriff. They
shall give bond and take oath of office as
other deputies. ... Said deputies shall at all
times cooperate with the police department of
each city or town within the county, in the
enforcement of said traffic laws therein and in
all other parts of the county, and shall have
the same right and duty to arrest violators
of all laws as other Deputy Sheriffs have."

Article 6699a provides:

"Deputies shall be paid a salary out of
the general county fund not to exceed $150
per month, the salary to be fixed by the com-
missioners' court, and in addition thereto the
commissioners' court is hereby authorized to
provide at the expense of the county such neces-
sary uniforms, caps and badges, such badges
to be not less than two inches by three inches
in dimensions, and other necessary equipment,
to include a motorcycle and its maintenance, as
is necessary for them to discharge their duties.
... Such deputies as are provided for herein
shall be appointed by the commissioners' court
and be deputized by either the sheriff or any
constable of the county in which they are ap-
pointed, and no other officers shall make ar-
rests in this State for violation of laws relat-
ing to highways now in effect in this State.
Such deputies as provided for herein shall at
all times when in the performance of their
duties wear a full uniform with a cap and badge,
the badge to be displayed on the outside of the
uniform in a conspicuous place. Such officers
shall remain in and upon the highway, and at all
times patrol the same while in the performance
of their duties, only leaving the highway to
pursue any offender whom such officers were un-
able to apprehend upon the highway itself. No
arrest by any such officer shall be binding or
valid upon the person apprehended if the officer
making such arrest was in hiding or if he set
a trap to apprehend persons traveling upon the

Hon. R. A. Bassett, Page 7.

> highway. No fees or charges whatever shall be
> made for the service of such officers provided
> for herein, nor shall any fee for the arrests
> made by such officers be charged and taxed as
> costs or paid to such officers in any case
> in which such officers shall make an arrest.
> Such officers shall perform all their duties
> and make arrests for violation of any law of
> this State appertaining to the control and
> regulation of vehicles operating in and upon
> any highway, street, or alley of this State.
> ... Should any portion or section of this article
> be held invalid or unconstitutional, such holding
> shall not affect the validity or constitutional-
> ity of any other portion of this article, and
> all other portions not held invalid or uncon-
> stitutional shall remain in full force and effect."

De Shong Motor Freight Lines vs. Whisnand, 98 S. W. (2d) 389, determined by the Fort Worth Court of Civil Appeals, 1936.

It was agreed by counsel as follows:

> "It is further agreed that O. E. Whisnand,
> one of the defendants above mentioned, was duly
> appointed by the Commissioners Court of Wichita
> County as a county traffic officer under arti-
> cle 6699 of the Revised Statutes, and while he
> carries a commission of deputy sheriff the duties
> of his office are those set out in said statute,
> articles 6699 and 6699a of the Revised Statutes."

The court, in its opinion, quoted from Article 6699a, Revised Civil Statutes, as follows:

> "Such officers shall remain in and upon
> the highway, and at all times patrol the same
> while in the performance of their duties, only
> leaving the highway to pursue any offender
> whom such officers were unable to apprehend upon
> the highway itself."

And then concluded that such language of said Article:

Hon. R. A. Bassett, Page 8.

"... clearly implies authority to determine
in the first instance that a highway restriction
has been violated and then arrest the offender,
without a warrant."

"Articles 6899 and 6699a, applicable to a
specific situation, will be construed as an
exception to any general statute, if any be
found, requiring a statutory warrant for auth-
ority to do the acts done by the officer O. E.
Whisnand."

"It was one of the statutory duties of
Whisnand to stop and arrest the driver of a
truck carrying a load of excess weight, ..."

The Fort Worth Court of Civil Appeals, in its
opinion in the De Shong case, quoted at length from the
above case of Head vs. State, and in analyzing Head vs.
State, used the following language:

"The court further concluded that, since
the offense charged was not a breach of the peace
which gave the constable lawful right to arrest
without a warrant, under articles 212, 213 of
our Code of Criminal Procedure, prosecution was
for violation of the provisions of article 827a,
Vernon's Ann. Penal Code, and in order to convict
it was necessary to show that the constable who
stopped the truck had authority under that parti-
cular statute to require Head to drive it to
the scales for weighing. If that authority
was not given him by that statute, then it fol-
lowed, logically, that no offense was proven;
the rule of strict construction of penal statutes
being controlling."

In its closing paragraph, after refusing an injunc-
tion, the opinion relates:

"But since the acts complained of were
done by O. E. Whisnand under his special appoint-
ment by the commissioners' court, and by none
other, the further question, whether or not
the constables and deputy constables also named
as defendants in the suit and not acting under
such an appointment had authority to do the

things done by Whisnand, is not before us, and upon that issue we express no opinion." (Underlining ours)

The opinion, at no place, took into consideration the precise language of section 6 of Article 827a, Vernon's Annotated Penal Code, upon which was the only basis for the determination of the Court of Criminal Appeals in Head vs. State, supra. Further, the case holds that an arrest will be lawful without a warrant for any highway violation, providing it is made by a properly appointed county traffic officer or properly appointed State officer.

We quote for your consideration Article 1, Section 9 of the Texas Constitution:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures and searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, or without probable cause, supported by oath or affirmation." (Underlining ours).

In connection with the above constitutional provision, we now refer you to the following case, construing the same with reference to the matter at hand:

New Way Lumber Company, et al vs. Smith, 96 S. W. (2d) 282, decided by the Supreme Court of Texas, 1926.

We will briefly state the proposition in the above case. It was contended that section 6 of Article 827a, Penal Code of Texas, was unconstitutional, in violation of section 9 of Article 1 of the Texas Constitution. After much reference to the same constitutional objection that was raised many times to the search and seizure law with reference to liquor, and pointing out that such search and seizure law had been upheld many times, the court refers to the authority of the Texas Highway Patrol, as found under Article 4413 (12), Section 4, as follows:

Hon. R. A. Bassett, Page 10.

> "The officers, non-commissioned officers
> and enlisted men of the Texas Highway Patrol
> shall be, and they are hereby clothed with all
> of the powers and authority which they now
> have and exercise as members of the State High-
> way Patrol of Texas, and their duties and
> functions shall be the same as the duties
> and functions they are now performing. In
> addition they shall be, and they are hereby
> clothed with all the powers and authority which
> is in this Act or otherwise by law given to
> members of the Texas Ranger force." (Under-
> lining ours).

Then, referring to the authority of the Texas
Rangers under Article 4413 (11), Section 4, the court states
as follows:

> "... All officers operating by virtue
> of this Act shall have the authority to make
> arrests, as directed by warrants, and without
> a warrant under the conditions now authorized
> by law, and also in all cases when the alleged
> offender is traveling on a railroad, in a motor
> vehicle, aeroplane or boat." (Underlining
> ours.)

In the closing paragraph of the opinion, written
by Justice Sharp, appears the following language:

> "Therefore, if the officer (State Highway
> Patrolman) should have probable cause to believe
> that a motor vehicle is being operated without
> a permit, or that it is being operated with
> an unlawful load, he would have the right, with-
> out a search warrant, to stop the driver and
> question him about his right to operate a motor
> vehicle upon the public highway, and, if need
> be, ascertain whether the operation of the motor
> vehicle is in violation of law; and if such
> driver is operating a motor vehicle in violation
> of law, arrest him without a warrant." (Under-
> lining ours)

Hon. R. A. Bassett, Page 11.

Here, you will note that the Supreme Court of Texas plainly holds that for a highway violation, where the offender is traveling in a motor vehicle, a State Highway Patrolman has authority for the arrest without a warrant. It would seem that such authority being recognized in state officers for arrest without warrant is broad, and Articles 4413 and the sections above set out have not been construed by the Court of Criminal Appeals, but such a position is apparently given sanction by the recent case of Cook vs. State, 128 S. W. (2d) 48, determined by the Court of Criminal Appeals in May, 1939.

In Cook vs. State, aforesaid, the defendant was convicted of having registered his motor vehicle in a class other and different from that in which it properly belonged. Article 805, Penal Code of Texas, provides as follows:

"Whoever operates upon a public highway a motor vehicle under a license, however obtained, for a class other than that to which such vehicle properly belongs, shall be fined not exceeding two hundred dollars."

Article 727a, Code of Criminal Procedure, provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused in the trial of any criminal case."

Briefly, the proposition was that the defendant's truck weighed 13,140 pounds, and his registration certificate showed the weight designated in the class between 16,001 and 22,000 pounds. The defendant contended that there was no authority to stop and weigh his empty truck and no warrant of arrest having been issued and in the possession of the arresting officer, the testimony of the duly commissioned license and weight inspector of the State Highway Department should have been excluded under

the above Article 727a, Code of Criminal Procedure. The Court of Criminal Appeals, in its opinion, cited the New Way Lumber Company case, supra, and the Head case, supra, quoted the last paragraph above set out in the New Way Lumber Company case, and determined that there was no error in using the testimony of a commissioned license and weight inspector of the State Highway Department in this cause.

We now take up De Shong Motor Freight Lines vs. Hopkins, 99 S. W. (2d) 1033, determined by the Court of Civil Appeals at Amarillo.

In this cause, the Motor Freight Lines sought an injunction against a county highway traffic officer to prevent his stopping and weighing trucks without authority and arresting drivers without warrants.

The court cites the Head case, and, with reference to section 6 of Article 827a, above, states:

"... Said statute conferring authority upon license and weight inspectors of the State Highway Department to require drivers and operators of motor vehicles to have their trucks and contents weighed, conferred no such authority on constables and other peace officers of the state."

Apparently, the court did not consider any other statutes in conjunction with section 6 of Article 827a, Penal Code of Texas, and relied upon the Head case as being decisive of the issues exclusively.

Whitehead vs. Richardson, 127 S. W. (2d) 512, determined by the Court of Civil Appeals at Dallas, 1939.

This was a suit for injunctive relief against the Public Safety Commission, Texas Highway Patrol, sheriffs and constables, first, to enjoin the defendants from weighing empty trucks, and secondly, to enjoin defendants from at any time unloading any portion of a load themselves, and, thirdly, to enjoin the filing of more than\one complaint for over-loading on the same continuous journey. The opinion cites the above case of Cook vs. State for authority to the effect that there is no statutory inhibition against weighing empty trucks.

Hon. R. A. Bassett, Page 13.

The court considers the appellees and defendants as being the Public Safety Commission and State Highway Patrol alone, and dissolved the temporary writ granted in the lower court, holding that a court of equity has no power to enjoin peace officers from enforcing a valid criminal statute, on the ground that the parties arrested will have a valid defense.

The Supreme Court of Texas first determined this principle with reference to this law in State vs. Ferguson and State vs. Kirby, 125 S. W. (2d) 272, which ruling was also followed in Richardson vs. Martin, 127 S. W. (2d) 247, determined by the Court of Civil Appeals at Waco.

The Attorney General's Department has ruled and our courts have repeatedly held that a statute requiring certain peace officers to wear certain type uniforms, garments, caps and official badges while arresting offenders for highway violations is in contravention of our State Constitution, section 19 of Article 1, and section 1 of Article 2. Scoggin vs. State, 58 S. W. (2d) 592; Ex parte Helling, 82 S. W. (2d) 644; Scott vs. State, 114 S. W. (2d) 564. In a recent opinion by Morris Hodges of this Department, No. O-317, Article 803b of the Penal Code was held unconstitutional for the additional reason that such officer could suspend the enforcement of the highway violations by voluntary leaving off his uniform in violation of Article 1, Section 28 of the Constitution, as follows:

"No power of suspending laws in this State shall be exercised except by the Legislature."

Article 6685, Revised Civil Statutes of Texas provides:

"Each constable shall execute and return according to law all process, warrants, and precepts to him directed by any lawful officer, attend upon all justice courts held in his precinct and perform all such other duties as may be required of him by law."

Hon. R. A. Bassett, Page 14.

Article 6889, Revised Civil Statutes, relating to constables, provides:

"Every constable may execute any process, civil or criminal, throughout his county and elsewhere, as may be provided for in the Code of Criminal Procedure, or other law."

Article 6873, Revised Civil Statutes, relating to sheriffs, provides:

"Each sheriff shall execute all process and precepts directed to him by legal authority and make return thereof to the proper court, ..."

Article 4413 (12), Section 4, of the Revised Civil Statutes of Texas, granting the authority to Texas Rangers to make arrests without a warrant of any offender riding on a railroad, in a motor vehicle, aeroplane or boat, was an enactment effective in 1935. We have believed that authority to make arrests without warrant may be conferred by the Legislature on peace officers where the specific offense is enumerated, and where such arrest without warrant can be justified from the nature of the offense. It is unusual that a class of officers as State officers may be given authority for arrest without warrant of offenders without reference to the nature of the offense committed, and especially, where such authority is not conferred upon peace officers generally. It is difficult to believe that the statute granting authority for arrest without warrant to Texas Rangers and Texas Highway Patrolmen was meant to include the type of offense as the usual highway violation. However, in view of the decision by the Supreme Court of Texas in the New Way Lumber Company case, supra, and the apparent sanction of such ruling by the Court of Criminal Appeals of Texas in Cook vs. State, supra, we must necessarily advise you that the State Highway Patrolmen have authority to make arrests without warrant for highway violations where the offender is traveling in a motor vehicle. And that other peace officers, as sheriffs and constables, will not have such authority except as conferred by Article 803, Penal Code, to include numerous highway violations, but among which is not the Load Limit Law set forth in Article 827a, Section 5, supra.

Hon. R. A. Bassett, Page 15.

You are advised that only license and weight inspectors of the State Highway Department have authority to weigh trucks to determine whether or not there is an unlawful load, and authority to require that drivers within two miles of scales shall drive to those scales and determine whether or not there is an excessive load. So, a State officer, not a duly commissioned license and weight Inspector, will not have the authority to weigh a truck and require that a truck be weighed to determine whether or not an offense exists, though he does have the authority for an arrest without a warrant for the commission of the offense.

We wish to point out this further construction of Article 827a, section 6 of the Penal Code. You will note that any license and weight Inspector must <u>have reason to believe</u> that the gross weight of the loaded vehicle <u>is unlawful</u> before he is authorized to weigh or require that the truck be weighed. Then, construing the constitutional provision, Article 1, section 9, supra, we believe that <u>probable cause</u> must exist before a license and weight Inspector may stop and weigh a truck or require it to be weighed. Thus, the license and weight Inspector's reason for believing the gross weight of a truck to be unlawful is a question for the determination of the court as to whether or not probable cause existed for a lawful weighing of the truck.

For authority, we cite the leading Texas case, Odenthal vs. State, 290 S. W. 743. For further authority, you are referred to the leading case similarly construing the Fourth Amendment to the Constitution of the United States, Carroll vs. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Also, we redirect your attention to the closing paragraph of the New Way Lumber Company case, supra, and the following language therein:

"Therefore, if the officer should have probable cause ...."

You are further advised that local officers, as sheriffs and constables, do have authority to execute a warrant of arrest lawfully issued for the commission of any highway violation as any other offense in the Penal Code.

Hon. R. A. Barrett, Page 16.

Believing this to answer your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
                    Pat Coon
                    Assistant

PC:pbp

APPROVED NOV 1, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY